19985—Charles H. Price v. the Kobacker Furniture Co. Motion for an order directing the court of appeals of Lucas county to certify its record. Overruled. Dock. 3-12-27, 5 Abs. 170; OA. 5 Abs. 86, 4 Abs. 68; OS. Pend. 4 Abs. 116.

20396—William H. Schmidt, etc., v. Lillian Frustorfer. Motion for an order directing the court of appeals of Hamilton county to certify its record. Overruled. Dock. 3-17-27, 5 Abs. 188.

20397—William H. Schmidt, etc., et al. v. Lillian Frustorfer. Motion for an order directing the court of appeals of Hamilton county to certify its record. Overruled. Dock. 3-17-27, 5 Abs. 198.

20417—Harry Foster et al, v. Russell Price. Motion for an order directing the court of appeals of Hamilton county to certify its record. Overruled. Dock. 3-30-27, 5 Abs. 238; OA. 5 Abs. 293.

20424—B. D. Sparling, administrator, v. Alta M. Algire. Motion for an order directing the court of appeals of Hancock county to certify its record. Overruled. Dock. 4-1-27, 5 Abs. 238; OS. Pend. 4 Abs. 307; OA. 3 Abs. 371.

20432—Jennie C. Lawrentz v. Rildo M. Lawrentz. Motion for an order directing the court of appeals of Summit county to certify its record. Overruled. Dock. 4-6-27, 5 Abs. 249.

20449—The Abingdon Cartage & Storage Co. v. Catherine Vanderhof. Motion for an order directing the court of appeals of Cuyahoga county to certify its record. Overruled. Dock. 4-13-27, 5 Abs. 249.

20466—Clarence S. Ordway v. Hettie McCree. Motion for an order directing the court of appeals of Lucas county to certify its record. Overruled. Dock. Dock. 4-16-27, 5 Abs. 269.

20468—Charles N. Geiger v. Allie Geiger. Motion by defendant to dismiss petition in error as of right. Overruled. Dock. 4-18-27, 5 Abs. 269.

20469—Grove City municipality v. Mildred Ream. Motion for an order directing the court of appeals of Franklin county to certify its record. Overruled. Dock. 4-19-27, 5 Abs. 269.

20520—John Sandusky v. board of education of Jefferson township rural school district, etc. Motion for an order directing the court of appeals of Franklin county to certify its record. Overruled. Dock. 5-5-27, 5 Abs. 314.

# SYLLABI
## Cases Decided by Supreme Court

### No. 383

No. 20203—The State of Ohio v. George Vargo. Error to the Court of Appeals of Lake county.

803. MURDER—Where state, in murder trial has introduced evidence in support of every essential element of that crime, including malice and defendant takes stand in own behalf and testifies having formed a purpose to kill because of alleged provacative acts and statements on part of deceased, and further testifies to his intoxication at time of homicide and requests court to instruct jury concerning intoxcaton as a defense and court charges that same is affirmative defense to be established by preponderance of evidence, such instruction is not error under circumstances.

480. EVIDENCE—1. Preponderance of evidence necessary for jury to find contention of mitigating character of defendant in criminal case.

2. Plea of not guilty burden upon state to show accused guilty beyond reasonable doubt, evidence of lack of guilt offered by defendant does not shift burden.

MARSHALL, C. J.

1. Where in a trial upon an indictment charging first degree murder the state has introduced evidence in support of every essential element of that crime including malice and the defendant in the course of his defense testifies in his ow nbehalf and admits having formed a purpose to kill and states that he formed such purpose because of alleged provocative acts and statements on the part of the deceased and further offers testimony of his intoxication at the time of the homicide and requests the court to instruct the jury that "If you find from the evidence in this case by reason of anger of intoxication or both that the mind of the accused was in such condition that he was incapable of reflection or deliberation then he cannot be found guilty of murder in the first degree," and the court after having correctly charged upon all the elements of the different degrees of homicide and the burden and quantum of proof, in response to such request charges the same in substance, except that anger and intoxication under the circumstances of the case were treated as affirmative defenses to be established by a preponderance of the evidence, such instruction under such circumstances is not error.

2. Where the accused admits the homicide and seeks to justify or to excuse his act or to show that his violation of law amounted to a crime of lesser degree than that charged in the indictment the evidence produced by the accused, supplemented by evidence, if any, produced by the state which tends to support any or all of such contentions on the part of the accused, must preponderate in his favor in order to warrant a finding by the jury that the contention of the accused in respect to which the eviednce is addressed has been sustained.

3. The plea of not guilty places upon the state the burden of showing the accused guilty beyond a reasonable doubt. The accused is not obliged to offer any evidence. If he offers evidence to sustain the plea of not guilty that in no way shifts the burden of proof carried by the state nor does it absolve the state from the duty of satisfying the jury, beyond a reasonable doubt, of the guilt of the accused. Evidence offered by either side which is helpful to the other side may be availed of by that side.

Judgment reversed.

Day, Allen, Kinkade and Jones, JJ., concur.